IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>RONALD BRET HAMILTON )<br>and VANESSA CATTANEA, )<br>)<br>Defendants. )<br>_____) | CRIM. No. 09-0002-S-BLW<br><br>MEMORANDUM DECISION<br>AND ORDER |

## INTRODUCTION

The Court has before it a motion to sever filed by defendant Vanessa Cattanea. The motion is fully briefed and at issue. For the reasons expressed below, the Court will deny the motion.

## ANALYSIS

The indictment charges defendants Cattanea and Hamilton with engaging in a scheme to commit health care fraud. Hamilton was the co-owner of Teton Family Services, Inc., a mental health clinic; Cattanea was its program director. The two worked together, the indictment alleges, to defraud Medicaid by submitting billings for work done by unqualified staff at Teton Family Services,

Inc., and for work done off-site or outside the clinic. They are charged together in 72 counts of the 84 count indictment.

Cattanea seeks a severance from co-defendant Hamilton under Federal Rule of Criminal Procedure 14(a). That Rule requires severance if a joint trial would prejudice the defendant. Severance should be granted only if a serious risk exists that a joint trial would compromise a particular trial right of a defendant or prevent the jury from reliably determining guilt or innocence. *Zafiro v. United States*, 506 U.S. 534, 538 (1993). "Generally, defendants jointly charged are jointly tried." *United States v. Hernandez,* 952 F.2d 1110, 1114 (9th Cir.1991). The test is whether joinder of the defendants "is so manifestly prejudicial that it outweighs the dominant concern with judicial economy . . . ." *United States v. Doe*, 655 F.2d 920, 926 (9th Cir. 1980).

Cattanea alleges that she needs Hamilton's testimony to establish that (1) she did nothing to assist with the billings, and (2) he repeatedly assured her that all rules were followed. But, she "believes that [he] may assert his right not to testify or right not to incriminate himself at a joint trial." *See Cattanea Brief* at p. 2.

A defendant seeking severance based upon the need for her co-defendant's testimony must establish that: (1) the defendant would call the co-defendant at a severed trial; (2) the co-defendant would in fact testify; and (3) the testimony

would be favorable to the moving defendant.  *See Hernandez*, 952 F.2d at 1115. Cattanea has failed to make any showing that Hamilton would in fact testify on her behalf if the severance was granted.  The failure to show that Hamilton "offered or agreed to testify" on Cattanea's behalf is fatal to the motion to sever.  *See U.S. v. Castro*, 887 F.2d 988, 998 (9th Cir. 1989).

In addition, the Court can find no other showing of prejudice that would merit a severance.  For these reasons, the Court will deny the motion.

### ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to sever (docket no. 27) is DENIED.



DATED:  **October 16, 2009**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order – page 3**